IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS EUGENE SAUNDERS,

    Petitioner,                      No. CIV S-03-0705 FCD JFM P

    vs.

THOMAS L. CAREY, Warden, et al.,

    Respondents.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding in propria persona with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In 1988, petitioner pled guilty to second degree murder.  (Pet., at 1.)  In the instant action, petitioner contends respondents have misinterpreted state sentencing laws in violation of petitioner's right to due process and equal protection.

        Petitioner filed a petition for writ of habeas corpus in the California Supreme Court on October 22, 2002.  (Pet., Ex. A.)  The petition was denied without comment on January 29, 2003.  (Pet., Ex. A.)  Petitioner filed the instant action on April 7, 2003.

ANALYSIS

I. Standards for a Writ of Habeas Corpus

        Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

1

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents if it applies a rule that contradicts the governing law set forth in Supreme Court cases, or if it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at different result. Early v. Packer, 537 U.S. 3, 7 (2002) (citing Williams v. Taylor, 529 U.S. 362, 405-406 (2000)).

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. Williams, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 123 S.Ct. 1166, 1175 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

The court looks to the last reasoned state court decision as the basis for the state court judgment. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).

II. Petitioner's Claim

Petitioner claims that officials with the California Department of Corrections and Rehabilitation and the Board of Prison Terms have converted his prison sentence from 15 years to life to an "express life and or life without the possibility of parole." (Pet. at 5.) Petitioner

1  contends he is being held in custody in violation of the Constitution because respondents failed
2  to release him on parole after his Minimum Eligible Parole Release Date passed.[1]

3         Federal collateral review of a state criminal conviction is limited to determining
4  whether petitioner's federal constitutional or other federal rights have been violated and does not
5  extend to review a state's application of its own laws.  Jackson v. Ylst, 921 F.2d 882, 885 (9th
6  Cir.1990); see e.g. Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994) (recognizing that
7  the decision whether to impose sentences concurrently or consecutively is a matter of state
8  criminal procedure and is not within the purview of federal habeas corpus).  Federal courts must
9  defer to the state courts' interpretation of state sentencing laws.  Estelle v. McGuire, 502 U.S. 62,
10 67-68 (1991); Bueno v. Hallahan, 988 F.2d 86, 88 (9th Cir.1993).  Absent a showing of
11 fundamental unfairness, a state court's application or misapplication of its own sentencing laws
12 does not generally justify federal habeas relief.  Christian v. Rhode, 41 F.3d 461, 469 (9th
13 Cir.1994).  "So long as the type of punishment is not based upon any proscribed federal grounds
14 such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigency, the
15 penalties for violations of state statutes are matters of state concern."  See Makal v. Arizona, 544
16 F.2d 1030, 1035 (9th Cir.1976).

17        In light of United States Supreme Court authority, this court cannot find that
18 petitioner's sentence was fundamentally unfair.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991);
19 Bueno, 988 F.2d at 88.  Similarly, the court cannot find that the sentence constitutes cruel and
20 unusual punishment.

21        In Lockyer v. Andrade, 538 U.S. 63 (2003), the United States Supreme Court
22 made clear that, in the context of an Eighth Amendment challenge to a prison sentence, the "only
23 relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of'
24 framework is the gross disproportionality principle, the precise contours of which are unclear,

---

[1] Petitioner is not challenging the Board of Prison Terms' decision to deny him parole.

applicable only in the 'exceedingly rare' and 'extreme' case." Andrade, 538 U.S. at 72 (citing Harmelin v. Michigan, 501 U.S. 957, 1001 (1991); Solem v. Helm, 463 U.S. 277, 290 (1983); and Rummel v. Estelle, 445 U.S. 263, 272 (1980)).  The Andrade Court concluded that two consecutive 25-years-to- life sentences with the possibility of parole, imposed under California's three-strikes law following two petty theft convictions with priors, did not amount to cruel and unusual punishment.  Id. at 77; see also Ewing v. California, 538 U.S. 11 (2003) (holding that a sentence of 25 years to life imposed for felony grand theft under California's three-strikes law did not violate the Eighth Amendment).  "Outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." Rummel, 445 U.S. at 272.

The United States Supreme Court has cautioned federal courts to be "'reluctan[t] to review legislatively mandated terms of imprisonment.'" Hutto v. Davis, 454 U.S. 370, 374 (1982) (quoting Rummel, 445 U.S. at 274).  "Generally, as long as the sentence imposed upon the defendant does not exceed statutory limits, [a federal court] will not overturn it on eighth amendment grounds." United States v. Zavala-Serra, 853 F.2d 1512, 1518 (9th Cir. 1988).  See also Belgarde, 123 F.3d at 1215; United States v. McDougherty, 920 F.2d 569, 576 (9th Cir. 1990).  "[A] sentence within the limits set by a valid statute may not be overturned on appeal as cruel and unusual punishment unless the sentence is so 'grossly out of proportion to the severity of the crime' as to shock our sense of justice." United States v. Cupa-Guillen, 34 F.3d 860, 864 (9th Cir. 1994) (quoting United States v. Vega-Mejia, 611 F.2d 751, 753 (9th Cir. 1979)) (citing United States v. Washington, 578 F.2d 256, 258-59 (9th Cir. 1978)).

In Andrade, the Supreme Court upheld imposition of two consecutive twenty-five years to life sentences under California's three strikes law after Andrade was convicted of petty theft of $150.00 worth of videotapes, with several prior convictions for petty theft, burglary and drug offenses.  Andrade, 538 U.S. at 66-67.  In Ewing, the Court upheld a sentence of twenty-five years to life imposed under the same law following a conviction for grand theft involving

4

three golf clubs valued at $399.00 each with four prior felony convictions for burglary and robbery. Ewing, 538 U.S. 16-17.

Under the decisions announced in Andrade and Ewing, petitioner's case is not one of those "exceedingly rare" sentences fitting within the contours of the "gross disproportionality" principle, and thus does not constitute cruel and unusual punishment. In the instant action, petitioner was convicted of second degree murder. Petitioner's record renders his sentence indistinguishable from those upheld in Andrade and Ewing. Petitioner's Eighth Amendment claim must therefore be denied.

However, even assuming, arguendo, the court reviewed petitioner's sentence, the petition would fail. Petitioner was sentenced to fifteen years to life in state prison. (Pet. at 1.)[2] Petitioner has apparently confused the minimum term necessary to be served before parole could be implemented at its earliest, the minimum eligible parole date (MEPD), with a determinate sentence of fifteen years. Petitioner has already passed his MEPD, May 26, 1997, without any finding of parole eligibility. The BPT is not required to find petitioner even eligible for a parole setting within fifteen years. Petitioner could spend the rest of his life in prison without ever becoming eligible for parole.

Section 3041 of the California Penal Code provides that one year prior to the inmate's minimum eligible parole release date a panel consisting of at least two commissioners of the BPT shall meet with the inmate and shall normally set a parole release date. California's parole scheme gives rise to a cognizable liberty interest in release on parole. Biggs v. Terhune, 334 F.3d 910, 914 (9th Cir. 2003). "In the parole context, the requirements of due process are met if 'some evidence' supports the decision." Id. If there is not some evidence to support a decision denying parole, due process is violated. Therefore, even though California law states

---

[2] This sentence is also documented within the minute order dated March 7, 1988, by the Deputy Clerk for sentencing judge Bert B. Bailey. (Pet., Ex. A.) The judge did not sentence petitioner to a determinate term of 15 years, but rather to a term of 15 years to life, which is an indeterminate sentence. Cal. Penal Code §§ 187, 190.

that the BPT shall normally set parole release dates, due process does not require the BPT to state a date where some evidence exists demonstrating that petitioner should not be paroled.[3]

Petitioner's allegation that he is being subjected to excessive punishment is unsubstantiated and cannot form the basis for a due process claim. California Penal Code § 190(a) provides that "every person guilty of murder in the second degree shall be punished by imprisonment in the state prison for a term of 15 years to life." (Id.) Petitioner is being treated as a prisoner who has been sentenced to a life sentence with the possibility of parole but who has not yet been found suitable for parole. The BPT hearing that is the subject of this petition has been conducted for the purpose of determining when and if petitioner will receive a parole release date. Accordingly, he has not been treated as if parole were not possible. Further, petitioner's claim that the BPT is "required" to set a release date for him is not supported by the law. The BPT is required to set a release date only after a prisoner has been found suitable for parole. See Connor v. Estelle, 981 F.2d 1032, 1033 (9th Cir. 1992)(per curiam); California Penal Code § 3041(b). Petitioner has not yet been found suitable for parole; accordingly, the BPT is not required to set a release date for him.

Finally, petitioner alleges that classifying petitioner as a life prisoner violates equal protection because he has been denied a date certain for parole and those inmates with determinate term sentences have been given a parole date. However, petitioner is not similarly-situated to inmates with determinate term sentences. McQueary v. Blodgett, 924 F.2d 829, 835 (9th Cir. 1991)(petitioner must prove that similarly-situated prisoners have systematically received shorter sentences). Petitioner's equal protection claim must also fail.

Accordingly, the state court's rejection of petitioner's application for habeas corpus was neither contrary to, nor an unreasonable application of, controlling principles of United States Supreme Court precedent. The petition should be denied.

---

[3] Petitioner does not allege that he was denied parole based on the lack of "some evidence." Biggs, supra.

1  For the foregoing reason, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 2, 2007.

UNITED STATES MAGISTRATE JUDGE

/001;saun0705.157